FILED
United States Court of Appeals
Tenth Circuit

April 24, 2018

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

―――――――――――――――――――――

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KYLE STEVEN HEBERT,

    Defendant - Appellant.

No. 17-8028

―――――――――――――――――――――

**Appeal from the United States District Court
for the District of Wyoming
(D.C. No. 2:16-CR-00104-SWS-1)**

―――――――――――――――――――――

W. Keith Goody, Battle Ground, Washington, for Defendant – Appellant.

Jason Conder (Timothy J. Forwood, Assistant United States Attorney, and John R. Green, Acting United States Attorney, on the brief), Cheyenne, Wyoming, for Plaintiff – Appellee.

―――――――――――――――――――――

Before **MATHESON**, **KELLY**, and **BACHARACH**, Circuit Judges.

―――――――――――――――――――――

**KELLY**, Circuit Judge.

―――――――――――――――――――――

    After a jury trial, Defendant-Appellant Kyle Hebert was convicted of four counts of possession of child pornography. 18 U.S.C. § 2252A(a)(5)(B), (b)(2). He was sentenced to 120 months' imprisonment and 15 years' supervised release. On appeal, Mr. Hebert challenges the district court's finding that he had two prior

convictions that triggered a mandatory minimum sentence of ten years' imprisonment. 18 U.S.C. § 2252A(b)(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm because Mr. Hebert's prior convictions "relate to" sexual abuse under the categorical approach.

## Background

Mr. Hebert's presentence report recommended an enhanced sentence pursuant to § 2252A(b)(2) based upon two prior Georgia convictions. Section 2252A(b)(2) provides that if a defendant "has a prior conviction under . . . the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," the defendant shall be "imprisoned for not less than 10 years nor more than 20 years."

Mr. Hebert was indicted in Georgia on two counts of sexual molestation under Ga. Code Ann. § 16-6-4 in 2001. Each count described identical sexual conduct, including fondling the vagina of each minor victim. 2 R. 172–73. Mr. Hebert ultimately pled guilty to two counts of misdemeanor sexual battery, in violation of Ga. Code Ann. 16-6-22.1(b).

In the federal district court, Mr. Hebert argued that his Georgia sexual battery convictions do not "relate to" sexual abuse or abusive sexual conduct involving a minor, and therefore, the mandatory minimum required under § 2252A(b)(2) did not apply. The district court disagreed, and using the modified categorical approach (including an examination of underlying documents), it found that Mr. Hebert's

2

sexual battery convictions related to both sexual abuse and abusive sexual conduct of a minor. Alternatively, it found that under the categorical approach, the mandatory minimum applied because sexual battery "relates to" sexual abuse.

## Discussion

We review the district court's imposition of the mandatory minimum de novo. See United States v. Becker, 625 F.3d 1309, 1310 (10th Cir. 2010).

### A. Categorical or Modified Categorical Approach for 18 U.S.C. § 2252A

Both Georgia sexual battery convictions could trigger the ten-year mandatory minimum if they involve a state law "relating to . . . sexual abuse." 18 U.S.C. § 2252A(b)(2). Typically, in determining whether a prior conviction can serve as a predicate offense for a sentencing enhancement, courts apply either the categorical or modified categorical approach. Mathis v. United States, 136 S. Ct. 2243, 2248–49 (2016); Taylor v. United States, 495 U.S. 575, 600–02 (1990).

In applying the categorical approach, courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the] generic [crime], while ignoring the particular facts of the case." Mathis, 136 S. Ct. at 2248. "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime. The court then lines up that crime's elements alongside those of the generic offense and sees if they match." Id. Given the language of

§ 2252A(b)(2), the state statute need only categorically "relate to" the generic offense, not precisely match.

However, if the statute of the prior conviction is divisible (containing alternative elements), courts apply the modified categorical approach. Id. at 2249. Under the modified categorical approach, a court may look to additional documents to determine the crime and elements of which a defendant was convicted. Id. at 2256–57. But courts do not apply the "modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." Descamps v. United States, 570 U.S. 254, 258 (2013).

Here, the district court applied the modified categorical approach to the Georgia sexual battery statute, even though it does not contain alternative elements and therefore is indivisible. The district court relied on this court's decision in United States v. McCutchen, 419 F.3d 1122 (10th Cir. 2005), where we stated that the categorical approach is not "a universal requirement of all sentencing enhancements." 419 F.3d at 1126 (quoting United States v. Martinez-Candejas, 347 F.3d 853, 858 (10th Cir. 2003)). McCutchen held that the applicable statute, § 2252(b)(2),[1] was distinguishable from the statute involved in Taylor v. United States, 495 U.S. 575 (1990), which set forth the categorical approach.

Mr. Hebert contends that the district court's application of the modified categorical approach was incorrect based on our later decision in United States v.

---

[1] Section 2252(b)(2) contains the same enhancement language as §2252A(b)(2).

4

Bennett, 823 F.3d 1316 (10th Cir. 2016). In that case, we discussed the two prerequisites that must be met to employ the modified categorical approach:

> Thus, in applying § 2252A(b)(2) we start with the categorical approach, even if we do not end there. Consequently, we first ask whether the language of the prior conviction categorically triggers the enhancement. If not, we may proceed beyond the categorical approach if two prerequisites are met. First, we must have access to court documents such as those approved of in Shepard v. United States, 544 U.S. 13 (2005), that demonstrate the elements of the crime the defendant committed. Second, the statute of prior conviction must be divisible, Descamps v. United States, 133 S. Ct. 2276, 2282 (2013), meaning the statute lists alternative ways it may be violated.

823 F.3d at 1321 (emphasis added). Clearly, there is tension between our decisions in McCutchen and Bennett. McCutchen held that courts could employ the modified categorical approach even when a state statute is indivisible, but Bennett stated that the statute must be divisible before proceeding to the modified categorical approach, citing to the recent Supreme Court decision in Descamps. The district court recognized this tension between McCutchen and Bennett when it stated:

> So then I turn to Bennett. And if I follow Bennett, I would not be allowed to look at anything else other than the statute. But I don't think Bennett is correct. And to the extent it takes the position contrary to McCutchen, I think that McCutchen has and applies what I consider to be a more rational and logical approach.

3 R. 920.

While the district court correctly recognized this tension, we must respectfully disagree with its conclusion — although not because we find the logic of Bennett more reasonable than McCutchen. Instead, we find that the holding and reasoning of McCutchen has been superseded by a "contrary decision by the Supreme Court."

5

Lucio-Rayos v. Sessions, 875 F.3d 573, 582 (10th Cir. 2017) (quoting Leatherwood v. Allbaugh, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017)).  In Descamps, the Supreme Court stated that the modified categorical approach does not apply to "to statutes . . . that contain a single, 'indivisible' set of elements."  570 U.S. at 260.  In a footnote to this quote citing examples illustrating the circuit split it would resolve, the Supreme Court cited to United States v. Beardsley, 691 F.3d 252, 268–74 (2d Cir. 2012), as an example of a case that (correctly) did not apply the modified categorical approach.  Beardsley held that the modified categorical approach applies only to divisible statutes and concerned an enhancement under 18 U.S.C. § 2252A(b).  Because the state statute in Beardsley was indivisible, the Beardsley court applied the categorical approach, 691 F.3d at 268, and the Supreme Court cited the case as illustrative of the correct approach.  Descamps, 570 U.S. at 260 n.1.

Here, we have the same operative circumstances: an indivisible statute and an enhancement under § 2252A(b).  The Georgia statute states that "[a] person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person."  Ga. Code Ann. § 16-6-22.1(b) (2001).  Because this statute does not contain alternative elements, it is indivisible and therefore we apply the categorical approach.  In so doing, we must part from the reasoning in McCutchen that runs contrary to

Descamps,[2] namely that the modified categorical approach can be applied to indivisible statutes.[3]

### B. Categorical Approach

We therefore examine the statutory definition of Mr. Hebert's Georgia sexual battery convictions to determine if they categorically "relate to" sexual abuse pursuant to § 2252A(b)(2).

The relevant Georgia statute provides: "A person commits the offense of sexual battery when he intentionally makes physical contact with the intimate parts[4] of the body of another person without the consent of that person." Ga. Code Ann. § 16-6-22.1(b). Next, we must determine what constitutes generic sexual abuse under § 2252A(b)(2). The Supreme Court has stated that "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" in

---

[2] This view also aligns us with our sister circuits. See, e.g., United States v. Sullivan, 797 F.3d 623, 637–38 (9th Cir. 2015); United States v. Allen, 750 F.3d 209, 213 (2d Cir. 2014).

[3] In McCutchen, the district court enhanced the defendant's sentence under § 2252(b)(2) because he previously had been convicted of sexual battery under an indivisible Kansas statute. The court relied on the charging documents, which showed the victim was a minor, to conclude the prior conviction "relat[ed] to" sexual abuse of a minor. This court affirmed. 419 F.3d at 1126–27. The district court in this case followed a similar approach.

Under our decision here, when the prior conviction is based on a statute that is indivisible, a court may not examine the charging documents to enhance a sentence under § 2252A(b)(2). When the statute is divisible, a court may examine the documents underlying the prior conviction only "to identify the elements of the crime of conviction" and then "appl[y] the categorical approach." United States v. Titties, 852 F.3d 1257, 1266 (10th Cir. 2017) (first quoting Mathis, 136 S. Ct. at 2253).

[4] "[T]he term 'intimate parts' means the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." Ga. Code Ann. § 16-6-22.1(a).

§ 2252(b)(2) seemingly mirrors the offenses listed in 18 U.S.C. ch. 109A.  Lockhart v. United States, 136 S. Ct. 958, 964 (2016).  Therefore, we look to Chapter 109A for the definition of generic sexual abuse.[5]  Section 2242 defines sexual abuse as when a person

> (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or
> (2) engages in a sexual act with another person if that other person is —
>     (A) incapable of appraising the nature of the conduct; or
>     (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.[6]

We can now determine whether Georgia sexual battery "relates to" the generic offense of sexual abuse.  Importantly, although the Georgia sexual battery statute includes some conduct that might not fall under the federal definition, this court need ask only whether the Georgia sexual battery statute "relates to" sexual abuse — not whether it constitutes sexual abuse.  Moreover, this court and the Supreme Court have consistently construed broadly the phrase "relating to."  See Morales v. Trans

---

[5] We also note here that even if we were to use a more general definition of sexual abuse, as the Fifth Circuit does, see United States v. Wikkerink, 841 F.3d 327, 332 (5th Cir. 2016) (defining sexual abuse from Black's Law Dictionary as "[a]n illegal or wrongful sex act, esp. one performed against a minor by an adult" (quoting United States v. Vigil, 774 F.3d 331, 334 (5th Cir. 2014))), we would still come to the same conclusion: Georgia sexual battery categorically "relates to" sexual abuse.

[6] The term "sexual act" in this statute includes "the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person" or "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C. § 2246(2)(C)–(D).

World Airlines, Inc., 504 U.S. 374, 383 (1992); Bennett, 823 F.3d at 1325. We have stated that "§ 2252(b) does not require a conviction that constitutes [the generic offense] but only one that relates to [that offense]; for § 2252(b) the conviction thus 'need only stand in some relation to, pertain to, or have a connection with'" the generic offense. United States. v. Martinez-Zamaripa, 680 F.3d 1221, 1225 (10th Cir. 2012) (quoting United States v. Becker, 625 F.3d 1309, 1312 (10th Cir. 2010)).

In this light, and given the two definitions above, the Georgia sexual battery statute readily qualifies as an offense "relating to" sexual abuse. Both definitions (1) involve a touching that is nonconsensual, (2) involve the intimate body parts of another, and (3) are sexual in nature. Mr. Hebert argues that because Georgia sexual battery does not require "sexual contact," see Watson v. State, 777 S.E.2d 677, 678–679 (Ga. 2015), but only unconsented physical contact with intimate parts, it is not sexual in nature — and thus does not "relate to" sexual abuse. This argument fails for two reasons. First, simply because sexual battery does not require sexual contact does not mean it is not sexual in nature. In fact, this would run contrary to the inherent nature of the statute itself: sexual battery. Second, and most importantly, the state statute need only categorically "relate to" sexual abuse, not match exactly. See § 2252A(b)(2). And the Georgia sexual battery statute easily "stand[s] in some relation" to sexual abuse. See Martinez-Zamaripa, 680 F.3d at 1225. Therefore, Mr. Hebert's Georgia convictions trigger § 2252A(b)(2)'s mandatory minimum term of ten years' imprisonment.

Because Georgia sexual battery "relates to" sexual abuse, we need not consider whether Georgia sexual battery also "relates to" abusive sexual conduct involving a minor.[7] See People for Ethical Treatment of Prop. Owners v. U.S. Fish & Wildlife Serv., 852 F.3d 990, 1008 (10th Cir. 2017) ("If it is not necessary to decide more, it is necessary not to decide more." (alteration omitted) (quoting PDK Labs, Inc. v. DEA, 362 F.3d 786, 799 (D.C. Cir. 2004))).

C. Sixth Amendment

Lastly, Mr. Hebert argues that using his prior convictions to impose a mandatory minimum violated his Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), because the prior convictions were not found by a jury. However, a sentencing court is permitted to consider whether the Georgia convictions constitute sexual abuse without violating Mr. Hebert's Sixth Amendment rights. See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir. 2005).

AFFIRMED.

---

[7] Because a statute that "relates to" sexual abuse or abusive sexual conduct involving a minor triggers the mandatory minimum, we need not address both today. See § 2252A(b)(2).